**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ISRAEL CONCEPCION CHIC BATE,
AKA Genaro Alfaro Rojas,

        Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.    15-73123

Agency No. A200-245-106

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2022**
San Francisco, California

Before:  S.R. THOMAS and GOULD, Circuit Judges, and WU,*** District Judge.

---

    *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***      The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

Petitioner Israel Concepcion Chic Bate petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition. Because the parties are familiar with the history of this case, we need not recount it here.

I

The IJ concluded that Chic Bate's asylum claim was untimely. Chic Bate does not challenge that conclusion in his opening brief, so we deem the issue waived. *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992). Chic Bate is therefore ineligible for asylum because he failed to file his asylum application within one year of arriving in the U.S. and failed to demonstrate changed or extraordinary circumstances that excuse an untimely filing. *See* 8 U.S.C. § 1158(a)(2).

II

We lack jurisdiction to consider Chic Bate's argument that "the threat by family members [from the intra-family feud] constitutes past persecution," in support of his claim for withholding of removal. Chic Bate did not raise this

---

[1] Chic Bate does not pursue his CAT claim here.

theory before the BIA and instead argued only that he suffered past persecution as established by the robbery incident. Because Chic Bate failed to exhaust this issue before the BIA, we lack jurisdiction to consider the issue here. *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013).

III

Substantial evidence supports the BIA's conclusion that Chic Bate failed to show past persecution on account of a protected ground as necessary for a viable claim for withholding of removal. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020). The BIA did not err in determining that Chic Bate's espoused social group of robbery victims was not cognizable because a particular social group cannot be defined *exclusively* by the harm asserted to its members. *Id.* at 1080–81, 1086. Substantial evidence supports the BIA's determination that this incident failed the nexus requirement. Because Chic Bate was only robbed once, he did not become a robbery victim until *after* he was robbed, and so his persecutors could not have targeted him because of his membership in that group. Moreover, Chic Bate fails to meaningfully contest the BIA's conclusion that "the sole reason for the crime was a profit motive by criminals." Substantial evidence supports the BIA's denial on this basis. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

3

Substantial evidence also supports the BIA's conclusion that Chic Bate failed to show any nexus to a protected ground as a result of the death threat he received from his cousin Geronimo. Substantial evidence supports the BIA's conclusion that Chic Bate "failed to show the harm he fears would be motivated by anything more than personal animosity," as the record indicates that Geronimo's motive to harm Chic Bate stems from his connection to a family inheritance and the fact that he reported Geronimo to the police for killing their grandfather. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) ("Purely personal retribution is . . . not persecution on account of a" protected ground).

**PETITION DENIED.**